PETER D. LIVINGSTON, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(Argued March 20, 1879; decided April 1, 1879.)

THIS action was brought to recover damages for alleged unreasonable delay on the part of defendant in transporting two car loads of cheese from Auburn to New York.

The cheese was shipped in two of defendant's cars at Moravia, a station on the Southern Central railroad, which connects with defendant's road at Auburn. The testimony was to the effect that the usual course of business between the two roads was this, freight coming to Auburn over the Southern Central in defendant's cars stopped in the freight yard of the former company, whose freight agent made out way bills and sent them to defendant's freight office. Defendant's agent then sent a switch engine to the yard and hauled the cars onto its track, and they were then sent forward. The cars in question arrived at the yard of the Southern Central at Auburn, November 17, 1871. The next morning bills

were made out and sent to the office of defendant. On the same day defendant drew one of the cars to its yard; the other was injured, and so, was not moved. On the 22d defendant sent another car to the Southern Central yard, to which the cheese in the damaged car was transferred; and on the same day the car was drawn up to defendant's yard. One of the cars left Auburn on the 23d and arrived in New York on the 25th. The other arrived on the 27th. It appeared that the usual time for freight to go from Moravia to New York was from two to three days. Plaintiff proved that the price of cheese fell in the New York market between November 21st and 25th. *Held*, that defendant was charged with the duty of common carriers whenever the course of business was duly observed by the agents of the Southern Central; (*Mills* v. *Mich. C. R. R. Co.*, 45 N. Y., 622); that the proof authorized the submission of the question to the jury whether the sending of the way bills to defendant did not put upon it the responsibility of taking charge of the goods, and of seeing that they were forwarded, and whether there was unreasonable delay on the part of defendant; also, that the evidence as to actual dealings of defendant authorized a finding that defendant did take actual possession of the goods as common carrier; also, that it was a question of fact whether the cheese could not have reached New York in time for a market on November 21st.

*James R. Cox* for appellant.

*John T. Pingree* for respondent.

*Per Curiam* opinion for affirmance.
All concur, except RAPALLO, J., absent.
Judgment affirmed.